# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

RYAN BERRIS,

        *Plaintiff,*

v.

SUNG–FUNG CHOI (a/k/a NORMAN CHOI), DE TOMASO AUTOMOBILI HOLDINGS N.A. LLC, HIN WENG LUI (a/k/a SAMUEL LUI), GENESIS UNICORN CAPITAL CORP.).,

        *Defendants.*

Case No. 1:23–cv–04305 (AS)

**ORAL ARGUMENT REQUESTED**

**DEFENDANTS SUNG-FUNG CHOI, DE TOMASO AUTOMOBILI HOLDINGS, HIN WENG LUI, AND GENESIS UNICORN CAPITAL'S <u>REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT</u>**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ..................................................................................................................1

ARGUMENT .......................................................................................................................2

    I.    The Uncontroverted Evidence Shows That Berris' Alleged Oral Contract Is Imaginary And Properly Barred By The Statute Of Frauds................................2

    II.    Berris' Fictional Oral Agreement Is At Best An Unenforceable Agreement To Agree. ........................................................................................................7

    III.    Berris' "Alternative Theories of Liability" Fail As A Matter Of Law. ..................8

    IV.    Defendants Are Entitled To Judgment On Berris' Wrongful Discharge Claim. ............................................................................................................9

    V.    Choi Is Entitled To Judgment On Berris' Claims Against Him. .........................12

    VI.    De Tomaso Is Entitled To Judgment On Its Fiduciary Breach And Unjust Enrichment Counterclaims. .......................................................................14

CONCLUSION....................................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                                     **<u>Page(s)</u>**

*In re 4Kids Ent., Inc.*,
   463 B.R. 610 (Bankr. S.D.N.Y. 2011)...................................................................................6

*Adjustrite Systems, Inc. v. GAB Business Servs., Inc.*,
   145 F.3d 543 (2d Cir. 1998)...........................................................................................8

*Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*,
   126 F. Supp. 3d 388 (S.D.N.Y. 2015).........................................................................13

*Bader v. Wells Fargo Home Mortg. Inc.*,
   773 F. Supp. 2d 397 (S.D.N.Y. 2011)...........................................................................9

*Baity v. Kralik*,
   51 F. Supp. 3d 414 (S.D.N.Y. 2014)............................................................4, 11, 15

*Backus Plywood Corp. v. Commercial Decal, Inc.*,
   208 F. Supp. 687 (S.D.N.Y. 1962) .............................................................................5, 6

*Bak v. Berman Enterprises, Inc.*,
   No. CV-91-0206 (CPS), 1992 WL 439045 (E.D.N.Y. Dec. 24, 1992) .................................10

*Barnum v. Millbrook Care Ltd. P'ship*,
   850 F.Supp. 1227 (S.D.N.Y. 1994) ...............................................................................9

*Belotz v. Jefferies & Co.*,
   No. 98 CIV. 2587 (LAP), 1999 WL 587916 (S.D.N.Y. Aug. 4, 1999), *aff'd*, 213 F.3d
   625 (2d Cir. 2000)........................................................................................................4

*In re Bernard L. Madoff Inv. Sec. LLC*,
   458 B.R. 87 (Bankr. S.D.N.Y. 2011).........................................................................15

*Cancan Dev., LLC v. Manno*,
   No. CV 6429-VCL, 2015 WL 3400789 (Del. Ch. May 27, 2015) ...................................13, 14

*Blossom Farm Prods. Co. v. Amtraco Commodity Corp.*,
   64 F.R.D. 424 (S.D.N.Y. 1974) .....................................................................................7

*Chardan Capital Markets, LLC v. Northwest Biotherapeutics, Inc.*,
   No. 17-cv-4727, 2018 WL 3733948 (S.D.N.Y. Aug. 6, 2018)...................................................3

*City of Yonkers v. Otis Elevator Co.*,
   649 F. Supp. 716 (S.D.N.Y. 1986), *aff'd*, 844 F.2d 42 (2d Cir. 1988)..................................6, 7

*Cohen v. Schroeder*,
   248 F. Supp. 3d 511 (S.D.N.Y. 2017)...........................................................................7

*Crabtree v. Tristar Auto. Grp., Inc.*,
    776 F. Supp. 155 (S.D.N.Y. 1991) ........................................................................13

*De Beerski v. Paige*,
    36 N.Y. 537 (N.Y. 1867) ...........................................................................................4

*EIG Energy Fund XIV, L.P. v. Keppel Offshore & Marine Ltd.*,
    724 F. Supp. 3d 340 (S.D.N.Y. 2024)...................................................................12

*Fairfield Cnty. Plastic Surgery, P.C. v. Topham*,
    No. CV044001683S, 2005 WL 2080383 (Conn. Super. Ct. July 15, 2005)...........9

*Fed. Trade Comm'n v RCG Advances*, LLC,
    695 F. Supp. 3d 368 (S.D.N.Y. 2023).....................................................................7

*Finance One Public Co. Ltd. v. Lehman Bros. Special Financing, Inc.*,
    414 F.3d 325 (2d Cir. 2005).....................................................................................10

*Grissman v. Union Carbide Corp.*,
    279 F. Supp. 413 (S.D.N.Y. 1967) ..........................................................................5

*Harris v. Provident Life & Acc. Ins. Co.*,
    310 F.3d 73 (2d Cir. 2002).......................................................................................9

*Horn & Hardart Co. v. Pillsbury Co.*,
    888 F.2d 8 (2d. Cir. 1989).........................................................................................6

*IDT Corp. v. Morgan Stanley Dean Witter & Co.*,
    907 N.E.2d 268 (N.Y. 2009)....................................................................................9

*Komlossy v. Faruqi & Faruqi, LLP*,
    No. 15 CIV. 9316 (KPF), 2017 WL 722033 (S.D.N.Y. Feb. 23, 2017) ................4

*Marcano v. Vendetto*,
    No. CV196096427S, 2020 WL 8455497 (Conn. Super. Ct. Dec. 15, 2020)..........12

*Marciano v. Crowley*,
    No. 08-CV-305-JTC, 2009 WL 3165871 (W.D.N.Y. Sept. 28, 2009) ..................4

*Massey v. Byrne*,
    112 A.D.3d 532 (N.Y. Sup. Ct. 2013) ................................................................3, 5

*Mirage Entertainment, Inc. v. FEG Entretenimientos S.A.*,
    326 F. Supp. 3d 26 (S.D.N.Y. 2018)......................................................................14

*Mock v. LaGuardia Hosp.-Hip Hosp., Inc.*,
    117 A.D.2d 721 (Sup. Ct. App. 1986) ...................................................................14

*Morgenweck v. Vision Cap. Advisors, LLC*,
    410 F. App'x 400 (2d Cir. 2011) ..............................................................8, 9

*Newmark & Co. Real Estate Inc. v. 2615 E. 17 St. Realty LLC*,
    80 A.D.3d 476 (1st Dept 2011) ....................................................................6

*SPCA of Upstate New York, Inc. v. Am. Working Collie Ass'n*,
    18 N.Y.3d 400 (2012) ..................................................................................14

*Snyder v. Sony Music Ent., Inc.*,
    252 A.D.2d 294 (N.Y. Sup. Ct. 1999) ........................................................14

*Stevens v. Publicis, S.A.*,
    854 N.Y.S.2d 690 (1st Dept 2008) ................................................................6

*Tchrs. Ins. & Annuity Ass'n of Am. v. CRIIMI MAE Servs. ltd. P'ship*,
    681 F. Supp. 2d 501 (S.D.N.Y. 2010), *aff'd*, 481 F. App'x 686 (2d Cir. 2012).....................9

*Thiam v. Am. Talent Agency, Inc.*,
    No. 11 CIV. 1465 GBD, 2012 WL 1034901 (S.D.N.Y. Mar. 27, 2012)...............................4, 5

*Zweig v. Marvelwood School*,
    252 A.3d 367 (Conn. App. 2021) ................................................................11

## Statutes

N.Y. Gen. Oblig. Law § 5-701.................................................................3, 5, 6

## Other Authorities

Fed. R. Civ. P. 15........................................................................................7

Choi, De Tomaso Automobili Holdings (with Choi, "De Tomaso Defendants"), Lui, and Genesis Unicorn Capital submit this Reply in support of their Summary Judgment Motions.

## INTRODUCTION

Defendants moved for summary judgment because the record is clear and damning, and so is the law.  In a case based on serious – if far-fetched – allegations for which there would seemingly be some documentary support if they had any basis, there is none.  Instead, the evidence that exists contradicts Berris' core allegations and theories in critical respects.  Thus, on summary judgment, when it is time to put up, Berris instead shifts theories, offers evidence-free suppositions, mischaracterizes the record, and misstates the law.  That will not do.

Even though he seeks to enforce a rich and complex agreement – the kind of sophisticated arrangement that is highly negotiated and reduced to writing – Berris comes forward with zero evidence of any oral agreement.  Not only is there nothing showing any meeting of the minds on any material term, the evidence shows the parties contemplated various arrangements yet never entered any beyond Berris's contractor agreement, pursuant to which he was fully compensated.  The fact the parties discussed but did not enter any agreement gainsays the idea they agreed on a sweeping oral deal.  That fact is buttressed by the reality that Berris never – not once – complained about not receiving any of the extravagant compensation he claims entitlement to while being paid for the same work under his consultancy arrangement.  On this stark record, there is simply no basis for any oral agreement, and the imaginary partnership Berris nevertheless claims is properly barred by the Statute of Frauds in any event.

Nor can Berris proceed on any equitable theory either.  Those claims are barred by the Statute of Frauds as well as his actual, written consultancy agreement for which he received payment for his work, whether or not De Tomaso was a party to that agreement.

Berris' common law wrongful discharge claim is also bereft of any evidentiary support. There is no evidence he reported any supposed wrongdoing to anyone before he resigned. To the contrary, the evidence shows that, after he was exposed and resigned, Berris dreamed up and weaponized this revenge suit chock full of irrelevant sensational allegations. Even if he could allege a discharge claim – he cannot – New York law applies, and New York recognizes no such claim. Berris points to nothing showing Connecticut has any interest here, and it clearly does not, as his own representations and arguments before this Court confirm.

The Court further lacks jurisdiction over Choi and Berris' claims against him. Berris has pointed to no evidence of any specific defamatory statements that damaged him. Nor is there any evidence to support Berris' veil piercing theory either. Despite his inflammatory suggestions, there is no evidence Choi disregarded any corporate formalities.

Because Berris does not dispute De Tomaso's counterclaims – let alone carry his evidentiary burden at this stage – the Court should award summary judgment in favor of De Tomaso on its unjust enrichment and fiduciary breach claims. Berris has not sought to justify any of his improper personal expenses or bank transfers, and testified he could not. Nor has he sought to defend his secret dealings with his self-styled "amor" Carmen Jorda.

The Court should grant Defendants' motion, and bring this strange matter to a close.

## ARGUMENT

### I.    The Uncontroverted Evidence Shows That Berris' Alleged Oral Contract Is Imaginary And Properly Barred By The Statute Of Frauds.

Berris offers a number of arguments in an effort to circumvent application of the Statute of Frauds to his supposed oral agreement. But none of those arguments has merit. The undisputed record evidence makes clear his agreement is a fiction and properly barred by operation of law.

Berris initially argues the Statute of Frauds does not apply because he never intended to enter a partnership.[1] Opp. at 20–21.  But there is no evidence in support of that view other than his own self-serving allegations, which are contradicted by the evidence showing he did claim an unenforceable oral "partnership interest."  N.Y. Gen. Oblig. Law § 5-701(a)(10); *Massey v. Byrne*, 112 A.D.3d 532, 533 (N.Y. Sup. Ct. 2013); *Chardan Capital Markets, LLC v. Northwest Biotherapeutics, Inc.*, No. 17-cv-4727, 2018 WL 3733948, at *4 (S.D.N.Y. Aug. 6, 2018).  The emails among Berris, De Tomaso, and the company's counsel show the parties considered – but never entered, executed, or finalized – a grant of equity through a partnership agreement.  During negotiations with Berris, the parties discussed creating a "partnership" where "[a]s a partner, Ryan [would] no longer" be "treated as an 'employee.' "  Response to Berris SOF ¶ 48.  Berris even emphasizes the time sheets from those attorneys reflect time for "reviewing partnership tax issues for assigning interest to Ryan."  *Id.* ¶ 63.  He also testified his agreement with Choi was a "partnership," meant to last "indefinitely," and that "Mr. Choi and I were partners."  *Id.* ¶ 48. And Berris' counsel referred to his oral contract as a "partnership" too.  *Id.*  As such, there can be no real dispute – and certainly not one rooted in the actual evidence – that Berris sought an oral partnership barred by the Statute of Frauds.  N.Y. Gen. Oblig. Law § 5-701(a)(10).

Berris next argues his alleged commission agreement is not barred either because it applied only "while he worked with De Tomaso."  Opp. at 22–25.  But again, Berris cites nothing in the record to support that contention either.  In fact, what he cites actually shows the opposite: that his alleged oral agreement was for ongoing and indefinite commissions barred by the Statute of Frauds.  *Baity v. Kralik*, 51 F. Supp. 3d 414, 418 (S.D.N.Y. 2014).  He repeatedly

---

[1]  De Tomaso is indeed "contesting the enforceability of the equity stake portion of the oral agreement."  Opp. at 25–26.  The partnership agreement was for equity.  *Supra* at 3.

alleged and testified his oral contract was a "2 percent commission *on all sales*," unrestricted by time or product, that would last "indefinitely." Am. Cmplt. ¶ 136 (emphasis added); *see also id.* ¶¶ 59, 68 & 151; Response to Berris SOF ¶ 51. As a result, there is no genuine dispute his contract could not be performed within one year because "neither termination of the relationship, nor any other conceivable act, could complete the [ ] ongoing obligation to pay [ ] commissions on fees earned" on "all sales." *Komlossy v. Faruqi & Faruqi, LLP*, No. 15 CIV. 9316 (KPF), 2017 WL 722033, at *6 (S.D.N.Y. Feb. 23, 2017); *see also Marciano v. Crowley*, No. 08-CV-305-JTC, 2009 WL 3165871, at *4 (W.D.N.Y. Sept. 28, 2009); *D & N Boening, Inc. v. Kirsch Beverages, Inc.*, 472 N.E.2d 992, 995 (N.Y. 1984). That is fatal to Berris' oral contract claim. *Id.*[2]

Berris further argues the terms of his supposed oral contract can be severed to limit the impact of the Statute of Frauds. Opp. at 24–25. But that will not work either. As this Court has repeatedly held, "an oral agreement that is void under the Statute of Frauds ***may not*** be severed." *Thiam v. Am. Talent Agency, Inc.*, No. 11 CIV. 1465 GBD, 2012 WL 1034901, at *4 (S.D.N.Y. Mar. 27, 2012) (emphasis added); *Belotz v. Jefferies & Co.,* No. 98 CIV. 2587 (LAP), 1999 WL 587916, at *4 (S.D.N.Y. Aug. 4, 1999), *aff'd*, 213 F.3d 625 (2d Cir. 2000) (explaining "if part of an entire contract is void under the Statute of Frauds, the whole of such contract is void"); *De Beerski v. Paige,* 36 N.Y. 537, 539 (N.Y. 1867) (same). That makes particularly good sense here, where Berris alleges his purported contract was one "Agreement," which he allegedly negotiated and accepted to "stay at the company." Am. Cmplt. ¶¶ 68 & 136. Accordingly, his

---

[2] Even setting aside the plain language of Berris' Amended Complaint – the only writing setting forth his purported contract – Berris' new assertion means he is entitled to zero commissions because De Tomaso had not completed any vehicle sales when he left. Response to Berris SOF ¶ 51 (noting P72 Agreements set forth staggered, uncompleted payment schedule for cars).

purported contract is properly treated like the one in *Thiam*, where the Court refused to sever a commission provision and held the entire agreement was barred. *Thiam*, 2012 WL 1034901, at *4; *see Grissman v. Union Carbide Corp.*, 279 F. Supp. 413, 415–17 (S.D.N.Y. 1967).

Berris's argument that his purported agreement is at will also lacks record support. Opp. at 22–23. Berris testified his agreement was for "more than a year" and points to documents showing negotiations to create a subsidiary to hold Berris' interest as the last written indications of a "contract." Response to Berris SOF ¶¶ 48 59, 63–65; *Massey*, 112 A.D.3d at 533 (N.Y. 2013) (holding oral partnership agreement for defendant's "lifetime" barred by statute of frauds). Berris only offered his alleged agreement was "at will" when prompted by his own counsel's improper leading question. Response to Berris SOF ¶ 35. But such incredible testimony – in the face of contrary evidence – does not create any genuine or material fact dispute.

But even if there was more to this – there is not – partnership and commission agreements have to be in writing under the plain language of N.Y. Gen. Oblig. Law § 5-701(a)(1) & (10) in any event. As this court has recognized, the "partnership at will theory is an equitable doctrine utilized when the parties have operated for a time pursuant to their oral relationship." *Backus Plywood Corp. v. Commercial Decal, Inc.*, 208 F. Supp. 687, 696 (S.D.N.Y. 1962). But that never happened here because it is undisputed the company completed its restructuring without creating an entity for Berris or assigning him any equity. Response to Berris SOF ¶¶ 59 & 61–66. Thus, despite Berris' efforts, "the partnership at will theory cannot be utilized to take the agreement out of the statute frauds." *Backus*, 208 F. Supp. at 696. The cases Berris cites to the contrary do not address the plain language of N.Y. Gen. Oblig. Law § 5-701(a)(10) or a situation like this one in which the parties never operated under any oral partnership agreement. *See* Opp. at 22–23.

-5-

Against all the uncontroverted evidence that his oral contract neither exists nor complies with the Statute of Frauds, Berris further argues his supposed contract meets the "signed writing" requirement. Oppo. at 26. No way. A "signed writing" "must itself establish a contractual relationship between the parties," and "refer to the same transaction as that set forth in the one that was signed." *Horn & Hardart Co. v. Pillsbury Co.*, 888 F.2d 8, 9 (2d. Cir. 1989). Here, Berris concedes there is "no written agreement" entitling him "to any equity interest" or anything else. De Tomaso SOF ¶¶ 52–55. The emails that Berris references show, at most, abandoned negotiations tangentially related to equity – a far cry from the final agreements and clearly negotiated terms referenced in Berris' authorities. *Newmark & Co. Real Estate Inc. v. 2615 E. 17 St. Realty LLC*, 80 A.D.3d 476, 477 (1st Dept 2011) (email with final copy of an agreement); *In re 4Kids Ent., Inc*., 463 B.R. at 693–94; (emails showing acceptance of modified contract); *Stevens v. Publicis, S.A.,* 854 N.Y.S.2d 690, 692 (1st Dept 2008) (emails set forth "terms of the proposed modification"); *see* Response to Berris SOF ¶¶ 59 &143. Berris cannot piece together any material term of any compensation agreement from his scattered unilateral actions, vague text references, and incomplete and abandoned tangential legal work and considerations.

Berris finally argues that Defendants waived the Statute of Frauds as a defense. Opp. at 19–20. They did not. Berris never alleged the existence of an *oral promise* in his Amended Complaint, and thus never put Defendants on notice of a need to raise a Statute of Frauds defense in their Answer. All along, Berris alleged the existence and breach of a "formalized" "agreement." Am. Cmplt. ¶¶ 37, 68 & 135–141. De Tomaso did not learn of the availability of a Statute of Frauds defense until discovery, when Berris changed his breach theory. As such, it would be "inappropriate . . . to invoke concepts of waiver against the defendants" in light of Berris' delay and shifting theories. *City of Yonkers v. Otis Elevator Co.*, 649 F. Supp. 716, 726

n. 14 (S.D.N.Y. 1986), *aff'd*, 844 F.2d 42 (2d Cir. 1988); *Blossom Farm Prods. Co. v. Amtraco Commodity Corp.*, 64 F.R.D. 424, 427 (S.D.N.Y. 1974).[3]

## II.    Berris' Fictional Oral Agreement Is At Best An Unenforceable Agreement To Agree.

Berris argues the parties' alleged discussions somehow demonstrated an enforceable "intent" to gift Berris a 10% equity stake in De Tomaso.  Oppo. at 26–30.  But other than Berris' self-serving statements, which alone cannot defeat summary judgment, *Fed. Trade Comm'n v. RCG Advances*, LLC, 695 F. Supp. 3d 368, 382 (S.D.N.Y. 2023), there is no evidence the parties agreed on any essential terms of his supposed agreement.  To the contrary, the documents Berris invokes show the parties, at most, considered partnership structures but ultimately abandoned any agreement.  *Supr*a at 3; Response to Berris SOF ¶¶ 41–43, & 59–65.  Berris himself stated in March 2021 the parties "will revisit" discussions of equity at some future time.  Response to Berris SOF ¶ 59.  Those discussions never occurred, let alone led to any agreement sufficiently definite to show any meeting of the minds, or offer and acceptance of any material terms.[4]  De Tomaso SOF ¶¶ 59, 64–69.  At most, Berris asserts the parties were to agree on some equity later, which as a matter of law cannot create any "binding contract." *Adjustrite Systems, Inc. v. GAB Business Servs., Inc.*, 145 F.3d 543, 548 (2d Cir. 1998).

---

[3]  Additionally, Defendants reserved the right to "raise additional affirmative defenses" if facts were discovered that would enable it" to do so.  Answer to Am. Cmplt. (Dkt. 95) at 71.  That happened here.  Thus, to the extent necessary, Defendants move to amend their Answer to include a statute of frauds defense.  *City of Yonkers*, 649 F. Supp. at 726 n. 14 (S.D.N.Y. 1986); *Blossom Farm Prods. Co.*, 64 F.R.D. at 427; Fed. R. Civ. P. 15.

[4]  There is also zero evidence of any offer and acceptance of any sort of commission arrangement.  De Tomaso SOF ¶¶ 55–56.  The documents Berris cites do not show otherwise.  The Chassis Allocation document Berris asserts entitled him to a P72 was *drafted by Berris* – that is, he apparently purported to assign himself a P72.  Response to Berris SOF ¶ 54; Opp. at 29.  Berris has failed to identify the "specification order" supposedly entitling him to a Porsche – much less evidence that Choi made that order.  *See id.* ¶ 53.  Nor does a single invoice, which Choi testified he paid as a favor simply because he thought Berris needed cash, show offer and acceptance of a $400,000 salary on top of the $200,000 salary he was already receiving.  *Id.* ¶ 50.

Berris' own cases confirm that far more than loosely considering equity is required for an enforceable oral contract. Oppo. at 28–29. For example, in *Khurana*, the court noted that a "dicuss[ion] that [Defendant] would" grant plaintiff "1–2% in outstanding shares" was "too vague to enforce as a contract," requiring plaintiff to identify the "oral contract in detail," including "the nature" of the contract, its "vesting terms," and specific "timing." *Khurana v. Wahed Inv., LLC*, 2020 WL 364794, at *7–8 (S.D.N.Y. Jan. 8, 2020); *see also Christian v. TransPerfect Glob., Inc.*, 2018 WL 4571674, at *7 (S.D.N.Y. Sept. 24, 2018) (stating cash equivalent, timing of vesting, and source of purported equity). Berris does not identify any of the required material terms here – because he cannot.

In light of the reality there was no offer or acceptance, or any agreement on any material term, Berris testified and stated that he expected any final agreement would be in writing. De Tomaso SOF ¶ 59; *Fetet v. Altice USA, Inc.*, No. 21-cv-1512, 2021 WL 2941917, at *8 (S.D.N.Y. July 12, 2021). Of course, that never happened. And, consistent with that reality, De Tomaso did not substantially perform on any element of Berris' nonexistent contract either. Opp. at 28. As Berris concedes, he never received, or even complained he failed to receive, equity, cars, commissions, or an increased salary. De Tomaso SOF ¶¶ 52–58.

## III. Berris' "Alternative Theories of Liability" Fail As A Matter Of Law.

Berris argues his quasi-contract claims (Counts III to V) may proceed in the alternative Opp. at 31–32. They properly may not. As an initial matter, Berris' quasi-contract claims fail for the same reasons his contract claims fail: they are properly barred by the Statute of Frauds. *Supra* at 3–4; Opp. at 31–32; *Morgenweck v. Vision Cap. Advisors, LLC*, 410 F. App'x 400, 402 n.1 (2d Cir. 2011) (explaining plaintiff cannot "escape the Statute of Frauds" with equitable claims). They also cannot proceed because a "valid and enforceable written contract" governing a particular subject matter already exists here – Berris' Consultancy Agreement. *Bader v. Wells*

*Fargo Home Mortg. Inc.*, 773 F. Supp. 2d 397, 415 (S.D.N.Y. 2011); *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 907 N.E.2d 268, 274 (N.Y. 2009).  That agreement expressly identifies work for "De Tomaso branded vehicles," including "corporate planning, strategy, general management, marketing, public relation and sales."  De Tomaso SOF ¶ 25.  And Berris was already paid for all of that work under that agreement.  *Id.* ¶¶ 25, 33–35.  He cannot fairly double recover in equity for work for which he does not dispute he was already paid.  *Id.*

Berris is also mistaken the Consultancy Agreement does not apply because De Tomaso is not a party to that agreement.  Opp. at 16–18.  De Tomaso is not seeking to "enforce" a term of the agreement,[5] but instead asserting the existence of a written contract "precludes recovery in quasi contract," which is true even "where the party seeking to dismiss the claim is not a party to the contract."  *Tchrs. Ins. & Annuity Ass'n of Am. v. CRIIMI MAE Servs. ltd. P'ship*, 681 F. Supp. 2d 501, 511 (S.D.N.Y. 2010), *aff'd*, 481 F. App'x 686 (2d Cir. 2012).  Accordingly, Berris' reliance on *Fairfield* is misplaced because plaintiff there sought to enforce an agreement through a third party.  *Fairfield Cnty. Plastic Surgery, P.C. v. Topham*, No. CV044001683S, 2005 WL 2080383, at *6 (Conn. Super. Ct. July 15, 2005); Opp. at 17.[6]  That is not this case.

## IV.  Defendants Are Entitled To Judgment On Berris' Wrongful Discharge Claim.

Berris does not dispute that New York does not recognize a common law wrongful discharge claim.  Instead, he argues Connecticut law applies because it has a "greater interest"

---

[5]  Berris is mistaken that De Tomaso is not a third party beneficiary of the Consultancy Agreement.  Opp. at 17–18.  Berris was required to complete services for "both Apollo and De Tomaso branded vehicles," evidencing a clear "inten[t] to give the beneficiary the benefit for the promised performance."  *Barnum v. Millbrook Care Ltd. P'ship*, 850 F.Supp. 1227, 1233 (S.D.N.Y. 1994); De Tomaso SOF ¶ 25.

[6]  Berris does not dispute there is no separate cause of action for breach of the implied covenant of good faith (Count II).  Mot. at 15; *Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002).  That claim is therefore properly dismissed.

and connection to Berris' claim. Opp. at 35–37. Not so. As an initial matter, Berris concedes Choi has never been to De Tomaso's "headquarters" in Connecticut and his interactions with Lui and Genesis occurred in New York. Berris Response to De Tomaso SOF ¶ 39.

Nevertheless, Berris now argues Connecticut has a greater interest because he occasionally worked there. Opp. at 36. But Berris' evidence shows "the contacts of the parties and occurrences" overwhelmingly happened in New York, requiring its law to apply. *Fin. One Pub. Co. v. Lehman Bros. Special Fin.*, 414 F.3d 325, 337 (2d Cir. 2005). That is entirely consistent with the positions he has taken in this case, and his own testimony. When seeking to avoid dismissal, Berris submitted a sworn declaration detailing his extensive contacts with *New York*. ECF 49. In opposition, he emphasizes De Tomaso's supposed actions in *New York*. Opp. at 32–34. He further testified he had no home, including in Connecticut. De Tomaso SOF ¶ 75. And he does not point to a single aspect of his discharge claim that occurred in Connecticut, instead emphasizing activity in *New York*. Opp. at 38–42. Berris cannot have it both ways.

The cases Berris cites further support the application of New York law. Opp. at 36. For example, in *Bak v. Berman Enterprises, Inc.,* No. CV-91-0206 (CPS), 1992 WL 439045, at *2 (E.D.N.Y. Dec. 24, 1992), the court applied the law of the state in which the alleged wrongful activities occurred – which here would be New York. Thus here, as in *Finance One*, the Court should decline to apply the law of a state simply because the "[defendant] has its principal place of business" there, and instead apply the law of the state that has greater connection to, and interest in, the dispute – New York. *Finance One*, 414 F.3d at 337 (2d Cir. 2005).

However, even if Connecticut law applied, the evidence shows Berris was not wrongfully terminated. Opp. at 39. Berris resigned from De Tomaso of his own volition after his misconduct was exposed. De Tomaso SOF ¶¶ 200–204. *Zweig v. Marvelwood School*, 252 A.3d

-10-

367, 381 (Conn. App. 2021) ("If the employee is terminated for other reasons unrelated to the claimed public policy violation, then no wrongful discharge claim will lie against the employer."). While Berris summarily argues he was fired for raising concerns about false statements by Choi to customers, he points to no record evidence remotely supporting that notion – nor could he given *he* communicated with clients for the company. Opp. at 39; De Tomaso SOF ¶¶ 153–59. Berris points to no evidence, and there is indeed none, that he raised any specific concern to Choi, including any related to the SPAC, De Tomaso's financial statements (which he created), that Choi was an investor in the Genesis SPAC (he was not), or Lui controlling the Genesis SPAC. Response to Berris SOF ¶¶ 134 & 135.[7]

Now that the record fully exposes his false whistleblower theory for termination, Berris for the first time in opposition pivots to arguing that De Tomaso just sought to avoid paying him. Opp. at 38. But there is no evidence to support this new theory either. His own record citations relate only to his assertion that he is entitled to payment; they have nothing to do with Choi supposedly firing him to avoid payment. *Id.*; Response to Berris SOF ¶¶ 41, 50–55; *Baity*, 51 F. Supp. 3d at 420 ("It simply will not do for counsel to say that genuine issues of material fact exist and then rely on the Court to go find them."). The idea that Berris was terminated to avoid payment is further undermined by the fact that Berris never even raised any non-payment concern to anyone at De Tomaso at any time before his resignation. De Tomaso SOF ¶¶ 52–58.

Berris further argues Genesis and Lui had actual knowledge of or substantially assisted in aiding and abetting or conspiring to terminate Berris. Opp. at 40–42. But once again, Berris does not point to any evidence that Genesis or Lui had actual knowledge of (or were recklessly

---

[7] While Berris asserts he was fired for raising issues related to P72 changes, he testified Roush – De Tomaso's engine supplier – *had already raised that concern*, which was addressed shortly after it was raised when De Tomaso parted ways with Capricorn. Response to Berris SOF ¶ 135.

indifferent to) changes to the P72, (unidentified) statements to customers, or Berris' alleged statements to Choi regarding the SPAC, and his cited Statement of Facts do not even address these allegations. Opp. at 40; Response to Berris SOF ¶¶ 139–144; *Marcano v. Vendetto*, No. CV196096427S, 2020 WL 8455497, at *3 (Conn. Super. Ct. Dec. 15, 2020). Nor did Genesis and Lui have any knowledge of Berris' claimed equity interest (the only part of his alleged "contract" he says he raised to Lui) because that interest was not reflected in any written document Genesis or Lui reviewed during their diligence. De Tomaso SOF ¶¶ 52–55, 192.

Nor does the evidence show that Genesis or Lui assisted De Tomaso in terminating Berris. Berris does not dispute the letter Lui sent related to his voluntary *resignation* from De Tomaso's board – not his *termination* from the company several weeks later. Opp. at 42; De Tomaso SOF ¶¶ 202 & 205. Berris points to no evidence that Lui (or Genesis) and Choi (or De Tomaso) coordinated or conspired to fire Berris at all, or that Berris would still be with the company but for Genesis and Lui. *EIG Energy Fund XIV, L.P. v. Keppel Offshore & Marine Ltd.*, 724 F. Supp. 3d 340, 361–62 (S.D.N.Y. 2024).

## V. Choi Is Entitled To Judgment On Berris' Claims Against Him.

Berris' claims against Choi lack evidentiary support and are properly dispensed with on summary judgment. Berris' contrary arguments are mistaken.

To save his claims against Choi, Berris argues for veil piercing because Choi supposedly has complete dominion and control over De Tomaso. Opp. at 42–43. The law and evidence show otherwise. Under New York choice-of-law rules, "the law of the state of incorporation" – here, Delaware – "determines when the corporate form will be disregarded and liability will be imposed on shareholders." *Cohen v. Schroeder,* 248 F. Supp. 3d 511, 518 n.4 (S.D.N.Y. 2017); De Tomaso SOF ¶ 1. Delaware courts "disregard the corporate form only in the exceptional case," and are "especially hesitant" where "closely-held corporations are involved." *Id.* at 518 &

522.  For example, in *Cohen*, the Court granted judgment for the defendant on a veil piercing claim even where a closely held corporation failed to follow many corporate formalities because there was no evidence the defendant "simply functioned as a façade" for the company.  *Id.* at 522; *Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.,* 126 F. Supp. 3d 388, 411 (S.D.N.Y. 2015) (holding loan repayments, *even if fraudulent*, insufficient to pierce corporate veil).

The same should go here.  As is *Cohen*, there is no evidence that Choi "exercised complete domination."  The evidence instead shows that Choi and De Tomaso observed corporate formalities, including maintaining loan agreements between Choi and De Tomaso, noting loan repayments on the books (even if Choi directed them to third parties rather than himself), keeping and updating company documents, and maintaining audited financial records. Response to Berris SOF ¶¶ 168 & 172; De Tomaso SOF ¶¶ 41 & 203.  And while Berris makes unsupported and inflammatory allegations, he points to no *evidence* that Choi's alleged "abuse of the corporate form has worked an injustice on an innocent third party."  *Cohen*, 248 F. Supp. 3d at 523.  To the contrary, the undisputed evidence shows Choi kept De Tomaso and Berris afloat by investing millions of his own money in the company.  Response to Berris SOF ¶ 168.  That too is fatal to Berris' claim.  *Cohen*, 248 F. Supp. 3d at 523.

Berris further argues the Court has jurisdiction over his defamation claim because Choi made statements in New York or to people in New York.  Opp. at 33–34.  But the evidence does not back any of those contentions.  For example, Berris does not offer any evidence the alleged defamatory statements – including that Berris was fired for "homologation reasons" and "issues with suppliers" or his statements to De Tomaso employees or Evan Cygler – were made while Choi or the recipients of the statements were in New York.  Response to Berris SOF ¶¶ 157–59. As a result, there is no undiluted "relationship between the activities [in New York] and the

offending statement" that would confer jurisdiction on this Court. *SPCA of Upstate New York, Inc. v. Am. Working Collie Ass'n*, 18 N.Y.3d 400, 403–4 (2012).

Choi is entitled to judgment on Berris' defamation claim for another reason too: Berris has failed to identify any defamatory statements that harmed him. Opp. at 33–34. His vague references to statements he was fired for "misconduct" or Choi believed he "may be defrauding the company" are exactly the kinds of "indefinite, ambiguous" statements of opinion that will not support a defamation claim. *Mirage Entertainment, Inc. v. FEG Entretenimientos S.A.*, 326 F. Supp. 3d 26, 37 (S.D.N.Y. 2018); *Mock v. LaGuardia Hosp.-Hip Hosp., Inc.*, 117 A.D.2d 721, 722 (Sup. Ct. App. 1986); Opp. at 33. Nor does Berris even point to any evidence of harm flowing from any defamatory statement. Instead, he points to inadmissible, unsubstantiated hearsay from a different person whom he does not allege heard any specific defamatory statement. Opp. at 34. *Mock*, 117 A.D.2d at 722; *Snyder v. Sony Music Ent., Inc.*, 252 A.D.2d 294, 298 (N.Y. Sup. Ct. 1999). That will not do. *Id.*

## VI. De Tomaso Is Entitled To Judgment On Its Fiduciary Breach And Unjust Enrichment Counterclaims.

Berris fails entirely to contest De Tomaso's fiduciary breach and unjust enrichment claims, and De Tomaso is therefore properly entitled to judgment on them.

De Tomaso showed that Berris' unjustified and unilateral transfers of tens of thousands of dollars for unspecified "expenses" were unfair to the company, and Berris has failed to carry his burden to show they were otherwise. *Cancan Dev., LLC v. Manno*, No. CV 6429-VCL, 2015 WL 3400789, at *16 (Del. Ch. May 27, 2015); Mot. at 23–24. Berris admitted he transferred tens of thousands of De Tomaso's dollars to himself, some of which paid for expenses *he had not submitted to De Tomaso*. Berris Response to De Tomaso SOF ¶¶ 78–83 & 85–87 (all undisputed by Berris). Majcher repeatedly asked Berris to justify those expenses, which included personal

charges for haircuts, Whole Foods, and CVS. *Id.* ¶¶ 90–102; Opp. at 44. Berris never did so. At deposition, he testified he "d[idn't] know" how anyone could justify the business purpose for his expenses from the information he submitted and that "he c[ouldn't] recall" how he supposedly justified theme either. *Id.* Response to Berris SOF ¶ 93. Because Berris failed to meet his burden to show the expenses were fair to De Tomaso, or to create any genuine issue of material fact on that issue, the Court should enter judgment in De Tomaso's favor on its breach of loyalty and unjust enrichment claims. *Baity*, 51 F. Supp. 3d at 420; *see Cancan*, 2015 WL 3400789, at *16; *In re Bernard L. Madoff Inv. Sec. LLC*, 458 B.R. 87, 131–32 (Bankr. S.D.N.Y. 2011).

Similarly, Berris failed to point to any evidence showing his unilateral dealings with Jorda in his romantic pursuit of her did not breach his fiduciary duties. Opp. at 44–45. His contentions that De Tomaso knew of his unilateral dealings with Jorda, saw the first contract he unilaterally signed with her (which he himself failed to retain a copy of), or approved her second contract (which De Tomaso undisputedly did not see before it was signed) are contradicted by the evidence. De Tomaso SOF ¶¶ 116–136; Opp. at 44. As a result, De Tomaso is entitled to judgment on its breach of fiduciary duties claims as well.

## CONCLUSION

The Court should grant Defendants' motion.

Date: December 23, 2024                    By,

                                    SHEPPARD MULLIN RICHTER & HAMPTON LLP

                                    Paul Werner (Lead Counsel) (NYSB: 6104798)
                                    Imad Matini (NYSB: 5302419)
                                    Hannah Wigger (admitted *pro hac vice*)
                                    Alexandra Bustamante (admitted *pro hac vice*)
                                    2099 Pennsylvania Avenue NW
                                    Washington, D.C. 20006
                                    (202) 747–1931
                                    pwerner@sheppardmullin.com
                                    imatini@sheppardmullin.com
                                    hwigger@sheppardmullin.com
                                    abustamante@sheppardmullin.com

                                    Bradley M. Rank
                                    30 Rockefeller Plaza, 39th Floor
                                    New York, New York 10112
                                    (212) 653–8712
                                    brank@sheppardmullin.com

                                    *Counsel for Defendants*