# SheppardMullin

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

Paul Werner
pwerner@sheppardmullin.com

September 2, 2025

***VIA ECF***
Hon. Arun Subramanian
United States Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007

Re:    ***Ryan Berris v. Sung-Fung Choi (a/k/a Norman Choi) et al.***, **Case No. 1:23-CV-04305 (AS); Letter Motion To Seal.**

Dear Judge Subramanian:

We write on behalf of Defendants Norman Choi ("Choi"), De Tomaso Automobili Holdings, N.A. LLC ("De Tomaso"), Samuel Lui ("Lui"), and Genesis Unicorn Capital Corporation ("Genesis") (collectively, "Defendants"), pursuant to the Court's order requesting a "focused application" of the materials submitted with Defendants' Motions for Summary Judgment ("Motions"), Plaintiff Ryan Berris' ("Berris'") Omnibus Opposition to Defendants' Motions, and Defendants' Omnibus Reply in Support of their Motions.  Defendants request the Court to partially redact and/ or maintain the following confidential documents under seal pursuant to the Court's Individual Practices in Civil Cases ¶ 11 and Federal Rule of Civil Procedure 5.2.

In accordance with the Court's form protective order, the parties agreed to designate as "Confidential" discovery material that contains "nondisclosed financial information," "nondisclosed material relating to ownership or control of any non-public company," "business plans, product development information, or marketing plans," and "personal or intimate" information.  Dkt. 63-2 ¶ 2; s*ee Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.,* 347 Fed. App'x. 615, 617 (2d Cir. 2009) (holding a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *see also Avocent Redmond Corp. v. Raritan Americas, Inc.,* No. 10 CIV. 6100 PKC, 2012 WL 3114855, at *15–17 (S.D.N.Y. July 31, 2012) (sealing trade secrets, employment information, engineering schematics, and confidential business information because their disclosure could "be used adversely by competitors," "unfairly allow competitors to develop competing products," "affect future contract negotiations," and "cause competitive harm.").  As a result, during discovery the parties each produced certain documents with "confidential" designations.  Under the parties' protective order, all such documents are to be "filed under seal."  Dkt. 63-2 ¶ 6.

Consistent with that protective order, Defendants move to partially redact or keep the following documents under seal.[1]  Defendants agree to the public filing of any document not listed herein.

---

[1] Defendants attach to this motion the redacted version of all exhibits labeled as "Redacted."

For all exhibits labeled as "Sealed," Defendants refer to the exhibits submitted with Defendants'

**Sheppard**Mullin

September 2, 2025
Page 2

### I.    Undisclosed Financial Information.

Defendants move to partially redact or keep under seal the following undisclosed financial information, which would cause competitive and other harm to Defendants if publicly disclosed. *Standard Inv. Chartered, Inc.,* 347 Fed. App'x. at 617; Dkt. 63-2 ¶ 2. The documents listed below include bank statements and records, financial statements, financial projections, and communications related to a company audit. De Tomaso is in the process of obtaining outside investments and fundraising to increase capital. The financial documents below include current data still being used by De Tomaso today that if released to the public could irreparably harm De Tomaso in its future transactions. Defendants partially redacted the documents they could redact without losing the entire purpose of the document. Particularly, Defendants redacted specific valuation numbers of the company, investment figures, forecasts for the upcoming years, bank account numbers, and audit information. However, it was not possible simply to redact some of these documents because the entire purpose of the documents is De Tomaso's financial information. As a result, those documents are properly sealed.

| Bates Number | Description | Exhibit Number | Redacted/ Sealed |
|---|---|---|---|
| BERRIS-000083295 | Bank Statement | Genesis Ex. 16 De Tomaso Ex. 16 | Redacted account numbers and balances |
| N/A | Defendants' Requests for Admission, Composite Exhibits 3 & 4 (Bank Statements) | Genesis Ex. 10 De Tomaso Ex. 12 | Redacted account numbers |
| DT0000000227 | Bank Records | Genesis Ex. 49 De Tomaso Ex. 57 | Redacted account numbers |
| DT0000050958 | Email Thread Related To SPAC Investment and De Tomaso Valuation | Berris Ex. 27 | Redacted valuation figures |
| GEN0000000178 | Email Related To Financial Forecast | Berris Ex. 114 | Redacted financial line items |
| DT0000080115 | Email And Excels Containing De Tomaso's General Journals | De Tomaso Ex. 85 | Sealed |
| GEN0000000056 | Email Thread With Samuel Lui including 2027 Financial Forecast | Genesis Ex. 30 De Tomaso Ex. 37 | Sealed |
| DT0000000138 | De Tomaso Consolidated Financial Statements | Genesis Ex. 48 De Tomaso Ex. 56 | Sealed |

---

Motions, Berris' Omnibus Opposition to Defendants' Motions, and Defendants' Omnibus Reply in Support of their Motions.

**Sheppard**Mullin

September 2, 2025
Page 3

| DT00177194 | Excel Containing Loan Payments | De Tomaso Ex. 82 | Sealed |
|---|---|---|---|
| DT0000081035 | Email Thread Related To Financial Forecast | Berris Ex. 32 | Sealed |
| DT0000081400 | Attachment Related To Due Diligence Process | Berris Ex. 33 | Sealed |
| DT00107128 | Email and Attachment Related To Outgoing Payments Including Account Numbers | Berris Ex. 38 | Sealed |
| DT0000080121 | De Tomaso General Journal | Berris Ex. 70 | Sealed |
| DT0000050169 | Spreadsheet With P72 Allocations And Client Information | Berris Ex. 89 | Sealed |
| DT00176285 | Spreadsheet of Funding and Advancements from Shareholder | Berris Ex. 152 | Sealed |
| GEN0000009366 | Lui Personal Bank Statement | Berris Ex. 154 | Sealed |
| DT00168682 | Spreadsheet With P72 Allocations and Client Information | Berris Ex. 167 | Sealed |
| DT00133811 | Bank Funds Transfer Transaction Details | Berris Ex. 174 | Sealed |
| GEN0000007936 | Financial Due Diligence Report | Berris Ex. 181 | Sealed |
| DT00142119 | Draft Notice of Major Transaction Acquisition Including Confidential Business and Financial Info. | Berris Ex. 186 | Sealed |

II. **Documents Related To Business Plans, Marketing Plans, And Product Development.**

Defendants move to partially redact or keep under seal the following documents related to De Tomaso's business plan, marketing endeavors and plans, and product development. *Standard Inv. Chartered, Inc.*, 347 Fed. App'x. at 617; *Avocent Redmond Corp.*, 2012 WL 3114855, at *15–17. These communications include contract negotiations (including redlined agreements), communications related to a potential SPAC transaction, communications related to De Tomaso's business strategy, communications with customers, and proposed marketing initiatives. The publication of De Tomaso's marketing and business strategy, automotive developments, employment and purchase agreements, client lists and communications, and technical partners would cause severe harm to De Tomaso. If disclosed, these documents would give competitors an unfair insight into the internal workings, plans, and capabilities of De Tomaso. *Avocent Redmond Corp.*, 2012 WL 3114855, at *15–17. Defendants partially redacted the documents they could redact without losing the entire purpose of the document. Particularly, Defendants redacted specific text messages referring to business strategy, client identification, and financial arrangements. However, it was not possible simply to redact some of these documents because the entire purpose of these documents is De Tomaso's business, marketing, and product development. As a result, those documents are properly sealed.

**Sheppard**Mullin

September 2, 2025
Page 4

| Bates Number | Description | Exhibit Number | Redacted/ Sealed |
|---|---|---|---|
| DT0000032181 | Email Thread And Attachment With Carmen Jorda | Genesis Ex. 34 De Tomaso Ex. 40 | Redacted account and cell phone numbers |
| DT0000049319 | Text Messages Between Ryan Berris And Norman Choi Discussing De Tomaso Meetings And Business Strategy | Berris Ex. 19 | Redacted client names, address, and payment information |
| DT00132501 | Text Messages Between Diana Majcher And Norman Choi Discussing Business Strategy | Berris Ex. 34 | Redacted financial modeling assumptions |
| DT00099775 | Text Messages Between Diana Majcher and Norman Choi Discussing Business Strategy | Berris Ex. 35 | Redacted client names, valuation numbers, and investor details |
| DT00105161 | Text Messages With Ryan Berris Discussing Business Strategy | Berris Ex. 36 | Redacted client names |
| DT00134071 | Text Messages Between Diana Majcher And Norman Choi Discussing Business Strategy, Including Expenses and Audit | Berris Ex. 39 | Redacted payments to vendors |
| DT00157092 | Text Messages Between Norman Choi and Diana Majcher Discussing Business Strategy | Berris Ex. 41 | Redacted client names |
| GEN0000000274 | Text Messages Between Norman Choi and Samuel Lui Discussing Business Strategy | Berris Ex. 48 | Redacted valuation figures and financial numbers |
| DT0000048837 | Text Messages Between Ryan Berris and Norman Choi Discussing Business Strategy | Berris Ex. 75 | Redacted client information |
| DT0000045727 | Text Messages Between Ryan Berris and Norman Choi Discussing Business Strategy | Berris Ex. 100 | Redacted client names and financial data |
| DT0000046548 | Text Messages Between Norman Choi and Ryan Berris Discussing Business Strategy | Berris Ex. 102 | Redacted valuation modeling data |
| DT00164138 | Text Messages Between Diana Majcher and Norman Choi Discussing Business Strategy | Berris Ex. 128 | Redacted client data and |

**Sheppard Mullin**

| | | | financial audit data |
|---|---|---|---|
| DT00164777 | Text Messages Between Diana Majcher and Norman Choi Discussing Business Strategy and Transactions | Berris Ex. 138 | Redacted client data |
| DT0000040939 | Text Messages Between Norman Choi and Ryan Berris Discussing Business Strategy And Dealings | Berris Ex. 139 | Redacted client information |
| DT00133763 | Text Messages Between Diana Majcher and Norman Choi Discussing Business Strategy And Transactions | Berris Ex. 141 | Redacted financial figures and transactions |
| DT00109256 | Text Messages Between Jowyn Wong and Norman Choi Discussing Business Strategy And Disputes | Berris Ex. 142 | Redacted client data and car mockup |
| DT00134279 | Text Messages Between Diana Majcher And Joe Wong Discussing Business Strategy And Disputes | Berris Ex. 143 | Redacted payments to vendors |
| GEN0000007312 | Text Messages Between Norman Choi and Samuel Lui Discussing Business Strategy And Business Matters | Berris Ex. 161 | Redacted mentions of car price and schedule |
| DT0000081653 | Text Messages Between Sam Lui and Norman Choi Discussing Business Strategy | Berris Ex. 169 | Redacted valuation figures, investor individual names, client names, deal structure terms |
| DT0000082625 | SPAC Transaction Summary | Genesis Ex. 31 De Tomaso Ex. 70 | Sealed |
| DT0000052148 | Letter of Intent re SPAC | Genesis Ex. 51 De Tomaso Ex. 59 | Sealed |
| DT00162447 | Email Thread re SPAC | Genesis Ex. 53 De Tomaso Ex. 71 | Sealed |
| DT00138116 | SPAC Investor Presentation | Genesis Ex. 55 De Tomaso Ex. 69 | Sealed |
| DT00177635 | De Tomaso Independent Contractor Agreement | De Tomaso Ex. 75 | Sealed |
| DT0000026311 | Email And Attachment Related To SPAC Investment | De Tomaso Ex. 78 | Sealed |

**Sheppard**Mullin

September 2, 2025
Page 6

| | | | |
|---|---|---|---|
| DT0000026333 | Email And Attachment Related To SPAC Investment | De Tomaso Ex. 79 | Sealed |
| DT0000029426 | Email And Attachment Related To SPAC Investment | De Tomaso Ex. 80 | Sealed |
| DT0000080872 | Email And Attachment Related To P72 Development Partnership | De Tomaso Ex. 84 | Sealed |
| DT00177645 | De Tomaso Employment Agreement | De Tomaso Ex. 86 | Sealed |
| DT0000026272 | Email and Attachment Related To Financial Forecasts | Berris Ex. 23 | Sealed |
| DT0000026256 | Email and Attachment Related To Valuations | Berris Ex. 24 | Sealed |
| DT0000052148 | Non-Binding Letter of Intent | Berris Ex. 28 | Sealed |
| DT0000055017 | Official Purchase P72 Agreement | Berris Ex. 29 | Sealed |
| DT0000055262 | Email and Attachment Related To Client Purchase Agreement and Deposit | Berris Ex. 30 | Sealed |
| DT0000008501 | 2020 Summer Engagement Plan Related To Business Strategy And Marketing | Berris Ex. 65 | Sealed |
| DT0000080756 | Official P72 Purchase Agreement | Berris Ex. 91 | Sealed |
| DT0000034128 | Official P72 Purchase Agreement | Berris Ex. 92 | Sealed |
| DT0000030261 | Email Thread Related To Client Purchase | Berris Ex. 93 | Sealed |
| DT00138704 | Ideal Team Ventures Limited Settlement Agreement | Berris Ex. 123 | Sealed |
| DT00130052 | Text Messages Between Diana Majcher and Norman Choi Discussing Business Strategy | Berris Ex. 135 | Sealed |
| DT00106908 | Text Messages Between Ryan Berris and Norman Choi Discussing Business Strategy | Berris Ex. 140 | Sealed |
| DT0000026192 | Email With Customer Communications | Berris Ex. 187 | Sealed |

## III.    Personal Information

Defendants move the Court to redact the following documents, which contain personal identification information for Norman Choi and Sam Lui. Dkt. 63-2 ¶ 2; Fed. R. Civ. P. 5.2.

| Bates Number | Description | Exhibit Number | Redacted/ Sealed |
|---|---|---|---|
| CHOI0000000153 | Choi ID Card | Genesis Ex. 12 | Redacted ID numbers |

**Sheppard**Mullin

September 2, 2025
Page 7

| Bates Number | Description | Exhibit Number | Redacted/Sealed |
|---|---|---|---|
| | | De Tomaso Ex. 28 | |
| CHOI0000000154 | Choi Passport | Genesis Ex. 13 De Tomaso Ex. 29 | Redacted ID numbers |
| CHOI0000000155 | Choi Driving License | Genesis Ex. 14 De Tomaso Ex. 30 | Redacted ID numbers |
| GEN0000009360 | Personal Phone Bill And Records | Genesis Ex. 54 De Tomaso Ex. 68 | Redacted account numbers and personal phone numbers |

**IV.    Documents Relating To The Ownership And Control Of De Tomaso.**

Defendants further move to keep under seal the following documents related to De Tomaso's ownership and control. De Tomaso is not a publicly traded company, and is in the middle of ongoing transactions. De Tomaso's private ownership provides De Tomaso with negotiating power, protects its assets and trade secrets, and provides personal and financial privacy. If De Tomaso's corporate structure and ownership were to be made public, De Tomaso would lose some of its competitive advantage and the protections afforded by its private ownership status. As a result, these documents are sensitive and confidential and should remain sealed. Dkt. 63-2 ¶ 2.

| Bates Number | Description | Exhibit Number | Redacted/Sealed |
|---|---|---|---|
| DT0000059716 | Email Thread And Attachment With De Tomaso Group Chart | De Tomaso Ex. 72 | Sealed |
| BERRIS-000064746 | Email Thread With De Tomaso Counsel Related To Entity Formation | De Tomaso Ex. 76 | Sealed |
| BERRIS-000071279 | Email Thread With De Tomaso Counsel Related To Entity Formation | De Tomaso Ex. 77 | Sealed |
| BERRIS-000073916 | Email Thread With De Tomaso Counsel Related To Entity Formation | De Tomaso Ex. 83 | Sealed |
| DT00168063 | Email Thread With De Tomaso Counsel Related To Entity Formation | Berris Ex. 46 | Sealed |
| CHOI00000110 | Tax Return Documents and Sung Fung Choi ID Card | Berris Ex. 72 | Sealed |
| DT00105827 | Email Thread Related To Property Purchase Agreement And Attachment with Personal W-9 | Berris Ex. 176 | Sealed |

**Sheppard**Mullin

September 2, 2025
Page 8

Defendants further note they have redacted from their public filings "sensitive information," including "social security numbers," "personal identifying number[s]," "dates of birth," "financial account numbers," "individual financial information," and "home addresses." Individual Practices In Civil Cases ¶ 11(A). Consistent with paragraph 11(A) of the Court's Individual Practices In Civil Cases, these redactions do not require Court approval.

Respectfully,

Paul Werner
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Paul Werner (Lead Counsel) (NYSB:6104798)
Imad Matini (*pro hac vice*) (NYSB: 5302419)
Hannah Wigger (*pro hac vice*)
Alexandra Bustamante (*pro hac vice*)
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

*Attorneys for Defendants*

CC: All Counsel (via ECF)

GRANTED, but only the exhibits identified in this letter may be filed in redacted form or under seal. Defendants should identify any exhibits currently under seal by docket number that are not referenced in this list and submit a letter to the Court by September 30, 2025, so that the Court can order the unsealing of those docket entries.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 181 and 187. SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 17, 2025