

John T. Zach
jzach@bsfllp.com
212 303 3648

**Via ECF** October 2, 2025

Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl St
New York, NY 10007

**Re: *Berris v. Choi et. al*, No. 23-cv-4305-AS**

Dear Judge Subramanian:

We write on behalf of Plaintiff Ryan Berris to respectfully raise a discovery dispute relating to Plaintiff's request that Defendant De Tomaso produce recently prepared valuation materials.[1]

This matter is scheduled for trial on January 27, 2026. (Dkt. 193). A core issue in this case is Plaintiff's claim that he was granted a 10% equity stake in De Tomaso, and how that stake should be valued. (Dkt. 190 at 8-9). After the close of fact discovery (September 20, 2024), expert discovery (October 30, 2024), and summary judgment (December 23, 2024), De Tomaso announced that it was being merged in a transaction that would make it a publicly-traded company. (Dkt. 183). Specifically, on February 27, 2025, De Tomaso announced a Share Purchase Agreement with ESGL Holdings Ltd. ("ESGL"), wherein ESGL agreed to purchase all issued capital shares in De Tomaso (the "Merger"). *Id*. The Merger valued De Tomaso shares at $1.03 billion. *Id*.

Berris seeks to compel limited, discrete Rule 26(e) discovery to obtain any valuations of De Tomaso (whether internal or external) and any fairness opinions undertaken or issued in connection with the Merger, which are relevant to damages and other factual issues in the case.

## I. Defendants Have a Continuing Obligation to Produce Responsive Documents

Rule 26(e) provides that a party must "supplement or correct" its discovery productions "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect"—i.e., when "there is an objectively reasonable likelihood that the additional or corrective information could substantially affect or alter the opposing party's discovery plan or trial reparation." *Yusupov-Millevoi v. Kingyum Transports LLC*, 349 F.R.D. 491, 495 (S.D.N.Y. 2025). Under Rule 26(e), discovery "can be compelled . . . despite the fact that the discovery deadline has long passed"—including up until trial. *See Gorzynski v. JetBlue Airways Corp.*, 2012 WL 712067, at *4 (W.D.N.Y. Mar. 5, 2012).

## II. The Valuation Documents Are Relevant to Issues in Dispute at Trial

Discovery into the requested valuation documents should be permitted because the documents are directly relevant to two core issues: (1) damages with respect to Berris' 10% equity

[1] Pursuant to the Court's Individual Practices, we certify that the parties conferred in good faith on this matter and met via Zoom on September 19, 2025 from 2:30-2:45 pm. Lead Trial Counsel John Zach and Paul Werner (as well as David Simons and Hannah Wigger) participated, and the parties agreed that court intervention is necessary.





stake, and (2) whether Berris' alleged breaches of fiduciary duty hurt De Tomaso's value.

**A. The Valuation Documents Are Relevant to Berris' 10% Equity Stake**

The parties disagree as to the proper scope and measure of damages with respect to Berris' equity stake. Simply put, we understand that Defendant takes the position that any valuation evidence arising after Berris left De Tomaso is irrelevant to damages. Berris disagrees.

To start, Defendant's own expert opines on valuation evidence from after Berris' termination. For example, De Tomaso's expert opined that "due to De Tomaso's historical financial performance to date, and *current financial condition*, any attempt to estimate the cash equivalent value of a purported ten percent equity interest in De Tomaso is speculative." Barnes Report ¶ 5 (emphasis added). [2] In reaching this conclusion, Mr. Barnes relied upon De Tomaso financial data that post-dated Berris leaving the company, including "partial forecasted data for 2023" and testimony that "*De Tomaso's financial condition has continued to worsen in 2024*." *Id.* ¶¶ 13-14 (emphasis added).[3] Accordingly, De Tomaso has put its current financial condition in issue.

Moreover, the parties will be submitting their respective Requests to Charge in the coming weeks, and will likely submit competing charges with respect to damages. In this case, De Tomaso is a limited liability company incorporated in Delaware. It is not (yet) a publicly traded company and, therefore, there is no direct market on which to buy or sell its equity. As a general matter, "[b]ecause of the difficulty in establishing the value of stock in a close corporation" such as De Tomaso, courts "have given plaintiffs broad latitude in proving [valuation]." *Glick v. Campagna*, 613 F.2d 31, 37 (3d Cir. 1979); *see also Matter of Seagroatt Floral Co., Inc.*, 78 N.Y.2d 439, 445, 583 N.E.2d 287, 290 (1991) ("Valuing a closely held corporation is not an exact science. Accordingly, courts in such proceedings confront a variety of evidence and methods aimed at determining the price of minority interests in closely held corporations.").

Berris respectfully submits that the requested valuation documents are germane to a number of damages doctrines that may be relevant. *See Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 391 (2d Cir. 2006) ("[T]he test for admissibility of evidence concerning prospective damages is whether the evidence has any tendency to show their probable amount."). For example, where a defendant's breach interferes with the alienability of plaintiff's equity, the law recognizes application of "conversion" damages, which look to post-breach valuation evidence. *See Diamond Fortress Techs., Inc. v. EverID, Inc.*, 274 A.3d 287, 306 (Del. Super. Ct. 2022) (explaining that conversion damages are a "judicially-created breach of contract remedy for reckoning damages where stock [was] not delivered according to contractual or other legal obligation"); *see also Vivint*

---

[2] The requested documents are also relevant impeachment material because De Tomaso's CFO, Ms. Majcher, testified that "we didn't even know if we're going to make money on these cars," which Mr. Barnes relied upon in reaching his opinions. *See* Barnes Report at ¶¶ 8, 11, 14 (relying on Ms. Majcher's deposition testimony).

[3] Plaintiff reserves the right to move to submit a supplemental expert report on the issue of valuation and damages at a later date. *See JT Cleary, Inc. v. Narragansett Elec. Co.,* 2024 WL 4627641, at *5 (S.D.N.Y. Oct. 30, 2024) ("An expert is required to supplement her original report if 'the expert subsequently learns of information that was previously unknown or unavailable, that renders information previously provided in an initial report inaccurate or misleading because it was incomplete.'"). Pursuant to Rule 26(e)(2), "[a]ny additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."





*Solar, Inc. v. Lundberg*, 2024 WL 2755380, at *31 (Del. Ch. May 30, 2024), *aff'd,* 340 A.3d 541 (Del. 2025) (fair "damages must also account for the resulting restraint of [plaintiff's] elective action in choosing when to sell the shares"); *Am. Gen. Corp. v. Cont'l Airlines Corp.*, 622 A.2d 1, 10 (Del. Ch. 1992), *aff'd*, 620 A.2d 856 (Del. 1992) ("The injury that the plaintiff suffers is the deprivation of his range of elective action, and by applying the conversion measure of damages a court endeavors to restore that range of elective action."); *Shah v. Skillz Inc.*, 101 Cal. App. 5th 285, 304-11 (2024) (evaluating value of wrongfully-terminated plaintiff's equity at the time of company's subsequent IPO, rather than the time of termination, because there was "no public market for those shares until the IPO").

Finally, should a jury find that De Tomaso willfully breached its agreement with Berris, the factfinder may generally "consider post-breach evidence when determining the reasonable expectations" of the parties. *Siga Techs., Inc. v. PharmAthene, Inc*., 132 A.3d 1108, 1133 (Del. 2015). It is settled law that "less certainty is required of the proof establishing the *amount* of damages," and any "doubts about the extent of damages are generally resolved against the breaching party." *Id.* at 1131–33. The "willfulness" of the breaching party "is a relevant factor in deciding the quantum of proof." *Id.*; *see also Am. Gen. Corp.*, 622 A.2d at 10 ("The defendant's acts prevent a court from determining with any degree of certainty what the plaintiff would have done with his securities had they been freely alienable. Because it is the defendant who creates this uncertainty . . . the perils of such uncertainty should be laid at defendant's door.") (cleaned up). "Simply put, it is always the breaching party . . . who must shoulder the burden of the uncertainty regarding the amount of damages." *Boyce*, 464 F.3d at 392.

**B. The Valuation Documents Are Relevant to Defendant's Counterclaims**

In addition, the requested documents are also relevant to Berris' defense against De Tomaso's counterclaims, which allege that he "impair[ed] its value," "set back the company's growth and development", and "caused the company to suffer a loss of hundreds of millions of dollars in enterprise value." (Dkt. 95 ¶¶ 10, 67, 236). Because De Tomaso disclosed an intent to seek "loss in company value" as damages charged to Berris, he is entitled to discovery that may undermine that claim. (De Tomaso June 7, 2024 Amended Rule 26(a)(1) disclosures, at 7).

***

Ultimately, whether the valuation documents are discoverable is distinct from whether these documents will be admissible at trial. *See, e.g.*, *Kitevski v. City of New York*, 2006 WL 680527, at *4 (S.D.N.Y. Mar. 16, 2006) ("Discovery is of broader scope than admissibility."); *In re Appraisal of Dole Food Co., Inc.*, 114 A.3d 541, 548-50 (Del. Ch. 2014) (compelling discovery of "valuation-related materials" in connection with stock valuation and noting that "the burden a party must meet to obtain discovery under [Rule 26] is slight"). At this juncture, Berris simply requests production of the documents as required by Rule 26(e).

For the foregoing reasons, Berris respectfully requests that the Court compel supplemental discovery under Rule 26(e) as to the valuation documents, and/or hold a conference on this matter. Berris can submit additional briefing on this matter (including choice of law issues) upon request.





Respectfully submitted,

*/s/ John T. Zach*
John T. Zach
David L. Simons
Kelly Waldo
Sophie Roytblat
**Boies Schiller Flexner LLP**
55 Hudson Yards, Floor 20
New York, NY 10001
(212) 446-2300
jzach@bsfllp.com
dsimons@bsfllp.com
kwaldo@bsfllp.com
sroytblat@bsfllp.com

*Counsel for Plaintiff Ryan Berris*

DENIED. Even to the extent the requested documents are relevant, plaintiff has not justified his delay in seeking their production, as the merger was announced eight months ago.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 200.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 8, 2025