UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ryan Berris,

Plaintiff,

-against-

Sung-Fung Choi et al.,

Defendants.

23-cv-4305 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

Following a jury trial, plaintiff Ryan Berris moves for judgment as a matter of law on the counterclaim lodged against him by defendant De Tomaso Automobili Holdings N.A. LLC (De Tomaso), seeks an equitable award for unjust enrichment, and seeks prejudgment and post-judgment interest. For the reasons stated below, the Court denies the motion for judgment as a matter of law, and for an award for unjust enrichment, but grants the motion for prejudgment and post-judgment interest at the statutory rate.

**BACKGROUND**

The Court previously detailed the background of this case in its ruling on the motions for summary judgment. *See Berris v. Choi*, 2025 WL 2548743, at *1–4 (S.D.N.Y. Sept. 4, 2025). The Court presumes familiarity with that opinion and summarizes the subsequent developments.

In that opinion, the Court granted in part and denied in part defendants' motions for summary judgment. *Id.* at *16. Surviving were Berris's contract claim and alternative equitable claims against De Tomaso, and the defamation claim against De Tomaso's sole shareholder, Sung-Fung (Norman) Choi. *Id.* at *5–13. In addition, De Tomaso's fiduciary-duty counterclaim proceeded to trial. *Id.* at *14–16. Following a motion for reconsideration, the Court also permitted Berris to bring claims against Choi on an alter-ego theory. Dkt. 235.

Berris's contract, quantum-meruit, and defamation claims were presented to the jury, along with De Tomaso's fiduciary-duty counterclaim. Dkt. 246. The remaining equitable claims were not presented to the jury but were reserved for decision by the Court. *See* Dkt. 262 at 706:18–709:12. Defendants preserved an objection that the quantum meruit claim should not have been presented to the jury. Dkt. 264 at 957:22–958:2.

The jury found for defendants on Berris's contract and defamation claims (and rejected alter-ego liability for Choi), but found for Berris on the quantum meruit claim and awarded $540,502.36 in damages. Dkt. 246 at 1–5. The jury found for De Tomaso on its fiduciary-duty counterclaim and awarded it $129,069.36. *Id.* at 6.

Following the verdict, defendants withdrew their objection to the jury deciding the quantum meruit claim and dropped their unjust enrichment counterclaim. Dkt. 251 at 5, 8. Berris moved for judgment as a matter of law on De Tomaso's fiduciary-duty counterclaim, and moved for a finding that De Tomaso was unjustly enriched. Dkt. 253 at 3–23. He also sought prejudgment and post-judgment interest. *Id.* at 23–26.[1]

## LEGAL STANDARDS

To grant a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50, "the Court must find that a reasonable jury would not have a legally sufficient evidentiary basis to find for the non-movant." *Perry v. City of New York*, 78 F.4th 502, 517 (2d Cir. 2023) (cleaned up). That is, the Court must deny the motion "unless there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it." *Id.* (citation omitted). "The burden on the movant is particularly heavy where, as here, the jury has deliberated in the case and actually returned its verdict." *Id.* (internal quotation marks omitted).

In evaluating the Rule 50 motion, the Court "consider[s] the evidence in the light most favorable to the non-moving party and give[s] that party the benefit of all reasonable inferences that the jury might have drawn in that party's favor." *Id.* (cleaned up). "The court cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury, and must disregard all evidence favorable to the moving party that the jury is not required to believe." *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 97 (2d Cir. 2014) (internal quotation marks omitted).

## DISCUSSION

Since defendants have withdrawn any claim for relief from the verdict or for further equitable relief, the Court proceeds to consider only Berris's motions for judgment as a matter of law and for equitable relief.

### I. Berris's motion for judgment as a matter of law is denied

Berris first seeks to overturn the jury's verdict in favor of De Tomaso on its fiduciary-duty counterclaim. "The equitable tort for breach of fiduciary duty has only two formal elements: (i) the existence of a fiduciary duty and (ii) a breach of that duty." *Arxada Holdings NA Inc. v. Harvey*, 351 A.3d 519, 568–69 (Del. Ch. 2026).

[1] Berris also moved for a new trial but presents no separate arguments in support of that relief. In a footnote in his opening brief, he also seeks relief for promissory estoppel, but similarly fails to make any separate arguments in support of that claim, and acknowledges that he is principally relying on an unjust-enrichment theory. Berris's failure to articulate any separate arguments in support of these requests for relief constitutes forfeiture. In any event, relief would be denied for the reasons set forth in this opinion.

Berris raises three arguments for why the jury's verdict should be overturned: (1) that there was no evidence that the expenses were facially improper; (2) that Choi, in his capacity as shareholder of De Tomaso, acquiesced to or ratified the challenged expenses; and (3) that there was no evidence of any policy or applicable standard that was violated. All three of the arguments fail.

### A. There is evidence that Berris's expenses were facially improper

Berris argues that there is no evidence that his expenses were facially improper. Looking at the evidence in the light most favorable to the non-moving party (De Tomaso), the Court concludes that there is sufficient evidence to support the verdict. For example, the jury saw evidence that Berris sought reimbursement for food almost every single day in three consecutive months. Dkt. 258 at 257:18–258:9. He also received a "loan" for an apartment that he never repaid. Dkt. 262 at 771:19–772:3. And testimony suggested that Berris was unable to substantiate the business purpose and reasonableness of a large share of his expenses. *Id.* at 773:16–25.

True, there was some evidence that some of his expenses could have been justified. For example, meals can be a reasonable business expense while traveling, and Berris did testify to having a lot of work-related travel. But the jury was not required to believe that testimony. And it could have reasonably believed that much—if not all—of his expenses were clearly improper. In short, viewed in the light most favorable to De Tomaso, the evidence was sufficient to support the jury's verdict that Berris breached his fiduciary duty to the company.[3]

### B. The jury was not required to believe that Choi ratified Berris's expenses

Berris next argues that Choi, on behalf of De Tomaso, acquiesced to or ratified the challenged expenses. Berris points to certain transactions where there was evidence that Choi knew about certain expenses or asked Berris to incur certain expenses.

This argument also fails. First, the evidence would not compel a finding of ratification. True, Choi was aware of some of Berris's travel. But that does not mean that he approved of every expense involved in the travel. And Berris does not explain in any detail what expenses the evidence demonstrated were ratified so clearly that no reasonable jury could conclude otherwise.

Second, Berris does not claim that Choi ratified all of his expenses. Nor does he show that the share of expenses allegedly ratified was so high that the remaining expenses (for which he does not claim ratification) would be less than what the jury awarded. So even if the Court were to accept that Choi ratified some of Berris's expenses, that still would not mean that Berris is entitled to relief.

[3] In a pair of footnotes, Berris tries to reverse-engineer how the jury chose the damages figure in order to discredit it. Dkt. 253 at 3 n.1, 7 n.2. But the Court is unconvinced. Just because the jury asked for information on the security deposit that De Tomaso lost does not mean that it concluded that Berris was liable. Nor is it clear that the $110,000 advance factored into the jury award.

### C. The lack of a written policy or expert testimony is insufficient to overturn the jury's verdict

Berris finally argues that De Tomaso failed to establish a written policy or an applicable standard that he could have violated. This argument also fails.

While it is undisputed that De Tomaso did not have a formal expense policy for the time that Berris was alleged to have violated his fiduciary duty, that is not the end of the inquiry. "Under Delaware law, fiduciary duties arise out of the existence of a fiduciary relationship." *Touch of Italy Salumeria & Pasticceria, LLC v. Bascio*, 2014 WL 108895, at *7 n.50 (Del. Ch. Jan. 13, 2014). "Generally, a fiduciary relationship is a situation where one person reposes special trust in another or where a special duty exists on the part of one person to protect the interests of another." *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 901 A.2d 106, 113 (Del. 2006) (brackets and quotation omitted). Here, Berris acted as De Tomaso's CEO. That means that he had a fiduciary relationship with the company. As a result, he had a fiduciary duty to the company, even in the absence of a formal written expense policy.

Berris appears to be arguing that, in the absence of a written policy, De Tomaso was obligated to introduce expert testimony to establish an appropriate standard for what is an acceptable expense. Dkt. 253 at 8. Berris's only support for that proposition is a quotation from this Court's summary-judgment opinion in this case, where the Court stated that "absent a written expense policy, the jury has no benchmark against which to measure the reasonableness of Berris's expenses." *Berris v. Choi*, 2025 WL 2548743, at *15. As a threshold matter, Berris takes that quotation out of context, as the section concerned the reasons why evidence regarding accounting standards might be relevant to the jury's determination (in response to Berris's motion to exclude defendants' proposed expert testimony); it didn't say that the lack of a written policy would win the day for Berris as a matter of law.

In any event, the lack of a written policy was among the facts that the jury considered in this case. And there's no basis to conclude that such a policy was required as a matter of law for there to be a breach of Berris's fiduciary duty. So the question is whether there was sufficient evidence for the jury to conclude that Berris's actions were so egregious to be a breach of fiduciary duty even in the absence of any written policy or expert testimony. As the Court has concluded that there was, the lack of a written expense policy does not invalidate the jury's verdict.

## II. Berris's arguments concerning the Jorda contract are immaterial

Berris next argues that no reasonable jury could conclude that Berris breached his fiduciary duties by hiring Carmen Jorda. But even if true, it would not afford Berris any relief.

Nothing in the jury's verdict would suggest that it necessarily concluded that he breached his fiduciary duty by hiring Jorda. In fact, Berris claims the amount of money awarded makes it "clear the jury rejected this claim in reaching their verdict." Dkt. 253 at 14. As detailed above, the Court concludes that even without the Jorda contract, there was sufficient evidence to conclude that Berris breached his fiduciary duty. As a result, the Court declines to provide an advisory opinion on

whether the evidence might have supported a finding that Berris's agreement on behalf of De Tomaso with Jorda was a breach of his fiduciary duty. *See Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 378 (2024) ("As [the Supreme] Court explained to President George Washington in 1793 in response to his request for a legal opinion, federal courts do not issue advisory opinions about the law.").

## III. Berris's unjust enrichment claim is precluded by his quantum meruit recovery

Berris seeks monetary equitable relief for unjust enrichment, covering the expenses he incurred but was not reimbursed during his time at De Tomaso. The Court agrees with De Tomaso that Berris is precluded from recovering for unjust enrichment because he has already recovered for quantum meruit.[4]

"[Q]uantum meruit and unjust enrichment are not separate causes of action, and . . . unjust enrichment is a required element for an implied-in-law, or quasi contract, and quantum meruit, meaning 'as much as he deserves,' is one measure of liability for the breach of such a contract." *Seiden Assocs., Inc. v. ANC Holdings, Inc.*, 768 F. Supp. 89, 96 (S.D.N.Y. 1991), *rev'd on other grounds*, 959 F.2d 425 (2d Cir. 1992). And "[a] plaintiff may not recover twice for the same injury." *Phelan v. Loc. 305 of United Ass'n of Journeymen, & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada*, 973 F.2d 1050, 1063 (2d Cir. 1992).

Taken together, a plaintiff cannot recover for both quantum meruit and unjust enrichment stemming from the same injury. Berris doesn't disagree with this principle, and only assumes that it doesn't apply here. However, Berris's counsel specifically argued to the jury that the quantum meruit claim should include his unreimbursed expenses. *See* Dkt. 266 at 1013:13–20 (stating that quantum meruit would cover Berris's claimed equity interest, salary, car, and "the expenses he still hasn't been reimbursed for"). So Berris's argument for relief under unjust enrichment overlaps with his prior argument for quantum meruit. He cannot recover again.

Berris resists that conclusion, pointing to the fact that the jury's quantum meruit award equaled the salary he expected to receive. Dkt. 268 at 5. But while that may be how the jury came to that figure, that does not mean they did not consider the expenses. As noted above, Berris's counsel specifically stated in closing arguments that the quantum meruit claim encompassed the expenses he sought. It is possible that the jury could have concluded that Berris was not entitled to reimbursement for any of the expenses. Or it could have concluded that he was not entitled to the entire salary he sought, but gave it to him nonetheless to approximately account for some expenses that he was entitled to. Regardless, Berris cannot argue to the jury that the quantum meruit award should include the expenses he was seeking but then reverse course after the verdict to claim that the jury's award should not be considered to include any compensation for unreimbursed expenses.

---

[4] Defendants cite cases applying New York law, while Berris cites cases applying both Delaware and New York law. Neither side suggests that there is any conflict between the two states' laws, so the Court applies New York law.

To the extent that Berris believes that the jury's quantum meruit award did not sufficiently compensate him for his unreimbursed expenses such that he is entitled to a larger award, the proper course would be to challenge the quantum meruit verdict. But he has not done so, and any such argument is now forfeited.[5] Since any award for unjust enrichment is foreclosed by law, the Court need not make findings of fact on the issue.

## IV. Berris is entitled to prejudgment and post-judgment interest

Berris finally moves for an award of prejudgment and post-judgment interest. He argues that each of the factors under Delaware law favors an award of prejudgment interest, and seeks post-judgment interest under 28 U.S.C. § 1961. Dkt. 253 at 23–26.

Berris's argument for prejudgment interest was for "quasi-contract claims such as unjust enrichment." *Id.* at 24. The Court reads that to include quantum meruit, which is also a quasi-contract claim.

Defendants do not respond on the merits to his arguments. Instead, they—in a parenthetical in a footnote—state that Berris "never requested pre- or post-judgment interest on" claims other than unjust enrichment. Dkt. 269 at 23 n.6. But Berris never states his request so narrowly, and his analysis says it applies more broadly to quasi-contract claims. So the Court deems defendants' opposition to prejudgment interest forfeited.

Further, the Second Circuit has "consistently held that an award of postjudgment interest is mandatory." *Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008). So Berris is entitled to post-judgment interest at the statutory rate. *See* 28 U.S.C. § 1961. (And by the same token, De Tomaso is also entitled to interest at the same rate for its award on the counterclaim.)

[5] In his response to defendants' initial brief, Berris does state that the Court could modify the quantum meruit award under Federal Rule of Civil Procedure 59(e). Dkt. 268 at 6–7. But "[s]uch a motion may be granted only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Yelle v. Mount St. Mary Coll.*, 2021 WL 311213, at *2 (S.D.N.Y. Jan. 29, 2021) (internal quotation marks omitted), *aff'd*, 2022 WL 1715979 (2d Cir. May 27, 2022). Berris does not explain, let alone demonstrate, how any of those factors are satisfied.

## CONCLUSION

Berris's motion for judgment as a matter of law and for equitable relief is DENIED. His motion for prejudgment and post-judgment interest is GRANTED. Within 14 days, Berris should submit, after conferring with defendants, a form of judgment that reflects the Court's decision on these motions.

SO ORDERED.

Dated: July 27, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge