UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN BERRIS,

Plaintiff(s),

-against-

SUNG–FUNG CHOI (a/k/a NORMAN CHOI) AND DE TOMASO AUTOMOBILI HOLDINGS N.A. LLC,

Defendant(s).

23-CV-4305 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

The parties dispute whether De Tomaso is entitled to prejudgment interest on the counterclaim against Berris for breach of fiduciary duty. Having considered the parties' filings on this issue, the Court finds that De Tomaso is entitled to prejudgment interest on this claim.

First, Berris claims that because "De Tomaso did not seek prejudgment interest [in its] post-trial briefing," it is not entitled to it. Dkt. 271 at 3 n.1. The Court, however, does not see why this is the result of such an omission. *See Metro Storage Int'l LLC v. Harron*, 275 A.3d 810, 867 (Del. Ch. 2022) (rejecting the argument that a party "waived their right to receive pre- and post-judgment interest by not expressly asking for it in their posttrial brief"). Indeed, De Tomaso *did* seek prejudgment interest in its counterclaims, Dkt. 95 at 105, and in the Proposed Joint Pretrial Order, Dkt. 216 at 23. Thus, the cases Berris cites to are inapposite. *Rsrvs. Dev. LLC v. Severn Sav. Bank, FSB*, 961 A.2d 521, 525 (Del. 2008) (noting that plaintiff did not specify pre-judgment interest in its amended complaint); *Triton Const. Co. v. E. Shore Elec. Servs., Inc.*, 2009 WL 1387115, at *30 n.182 (Del. Ch. May 18, 2009) (finding "any claim for prejudgment interest" waived because there was no request for "such interest in the Joint Pretrial Order").

Next, Berris, citing Delaware case law, claims that it is within the Court's discretion to decline to award prejudgment interest because the counterclaim is equitable in nature. Dkt. 273; *see Esprit Health, LLC v. Univ. of Delaware*, 2015 WL 9305644, at *1 (D. Del. Dec. 21, 2015) ("With regard to equitable claims, however, Delaware courts have sometimes stated that pre-judgment interest is within the discretion of the trial court."). The Court disagrees. The Supreme Court of Delaware has been clear that "prejudgment interest is awarded as a matter of right." *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 826 (Del. 1992); *Harron*, 275 A.3d at 867 (finding that plaintiffs were "entitled to pre-judgment interest" on their breach of fiduciary duty claim "as a matter of right").

Moreover, even if the Court were to agree that it has discretion to decline the award, it would find the exercise of discretion warranted here, especially where Berris sought and obtained prejudgment interest on his equitable claim, on the view that he was deprived of money for the period before the judgment, the same argument advanced by De Tomaso.

Accordingly, the parties are ORDERED to submit a revised proposed judgment with the Court by **September 2, 2026**, reflecting the correct calculation of prejudgment interest.

SO ORDERED.

Dated: August 31, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge